UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESHON ADAMS,

      Petitioner,

v.                                             Case No. 19-C-104
                                               (underlying Case No. 16-CR-0003)

UNITED STATES OF AMERICA,

      Respondent.

---

## SCREENING ORDER

---

On March 11, 2016, Deshon Adams entered a plea of guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). On June 30, 2016, the court imposed a within-guideline sentence of 87 months. Adams appealed, claiming that the court had impermissibly considered unreliable evidence linking him to seven unsolved shootings when weighing the sentencing factors. The Court of Appeals rejected Adams' argument and affirmed the court's sentencing determination. *United States v. Adams*, 879 F.3d 826 (7th Cir. 2018). On January 14, 2019, Adams filed a motion to vacate and/or correct his sentence pursuant to 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, I must give the case prompt initial examination:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer,

motion, or other response within a fixed time, or take other action the judge may order.

Rule 4, Rules Governing § 2255 Proceedings.

Adams asserts two separate claims in his § 2255 motion. He first claims that he is entitled to relief because his attorney gave him erroneous advice concerning the sentence range he was facing under the United States Sentencing Guidelines. Adams notes that his attorney estimated that the sentence range under the Guidelines would be 50 to 71 months when it turned out the range was between 70 and 87 months. Had he known he was facing a higher guideline range, Adams argues, he would not have entered a guilty plea. Adams also claims that he does not qualify as a felon because his battery by a prisoner conviction does not constitute a crime of violence. Based on these assertions, Adams requests that the court void the plea agreement as the product of deficient counsel and allow him the option to proceed to trial or receive a sentence promised in the plea agreement. Neither claim has sufficient merit to proceed.

To support a claim for ineffective assistance of counsel, a petitioner must prove both the objectively deficient performance of his counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must identify specific acts or omissions of counsel that "fell below an objective standard of reasonableness." *Id.* at 687. In this competence inquiry, "judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Second, the petitioner must "affirmatively prove prejudice," by showing to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 693. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." *Id.* at 695.

Adams' claim of ineffective assistance of counsel is belied by the written plea agreement and the transcript of the plea colloquy. It is clear from the plea agreement and the colloquy that no one—neither his attorney, nor the court—promised Adams what the sentence range would be or that he would receive a sentence within that range. During the plea colloquy, the court asked the attorneys what their estimate of the sentence range under the Guidelines was. Adams' attorney thought it would be around 71 months, and the government estimated the sentence range to be between 57 and 71 months. Plea Transcript, ECF No. 33, at 8. The court explicitly advised Adams, as the written plea agreement did, that these were the attorneys' estimates and they were not binding on the court. The court instructed Adams that it would make its own determination of what the sentence range is under the Guidelines. *Id.* at 9. The written plea agreement conveyed the same warning. Plea Agreement, ECF No. 11, ¶ 21. It turned out that the disposition of one of Adams' juvenile offenses scored two points in the criminal history calculation, and his criminal history category was thereby increased from IV to V. But this could not have been a surprise to Adams, as the court had warned Adams there was no guarantee what his sentence range would be under the Guidelines or that he would receive a guideline sentence.

It is well established that rendering an erroneous opinion on a Guideline calculation does not establish ineffective assistance of counsel. *See United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) ("A defense attorney cannot promise his client a particular sentence; all he can do is make a prediction."). While it is true that "some predictions are such gross mischaracterizations that they provide a 'strong indication of [constitutionally] deficient performance,'" *Id.* (quoting *Iaea*

3

*v. Sunn*, 800 F.2d 861, 865 (9th Cir.1986)), a "mere inaccurate prediction" does not amount to a constitutional violation. *Id.*; *see also United States v. Barnes*, 83 F.3d 934, 940 (7th Cir. 1991) ("We have previously held that an attorney's 'mere inaccurate prediction' of a sentence, standing alone, does not demonstrate the deficient performance component of a claim of ineffective assistance of counsel."). This is especially the case where, as here, the defendant is expressly told that "the sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties [allowed by law]." ECF No. 11, ¶ 21.

Having acknowledged all of the above under oath in the course of the plea colloquy, Adams may not now claim ineffective assistance by denying what he was explicitly told. "The representations of the defendant at a plea hearing constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (internal quotations and citations omitted); *see also United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). Here, the fact that neither attorney correctly estimated Adams' criminal history is not the kind of mistake that undermines the voluntariness of his plea, especially since he was told the guideline estimates of the attorneys were just that—estimates. Adams' claim of ineffective assistance of counsel therefore fails.

Adams second claim—that he was not a felon—likewise fails. Adams acknowledged as part of the plea agreement, and in the course of the plea colloquy, that he had previously been convicted

4

of battery by a prisoner at the time he possessed a firearm. According to the Presentence Report, Adams was convicted of battery by a prisoner for beating up another juvenile inmate at the Racine County Juvenile Detention Center on January 7, 2012, when he was sixteen years old. Though initially given a nine-month jail term as a condition of probation, his probation was later revoked and he was sentenced to two years in prison.

Battery by a prisoner is a felony punishable by up to six years in prison under Wisconsin law. Wis. Stat. §§ 940.20(1), 939.50(3)(h). Wisconsin courts have held that a juvenile confined in a juvenile detention facility is a prisoner within the meaning of the state law. *In Interest of C.D.M.*, 125 Wis. 2d 170, 370 N.W. 2d 287 (Ct. App. 1985). The Wisconsin Juvenile Court apparently waived jurisdiction over Adams for the offense and he was charged and convicted as an adult. He thus had a prior felony conviction at the time of the instant offense. Although Adams contends his crime was not a violent felony, that is irrelevant for purposes of his conviction under 18 U.S.C. § 922(g)(1). It is his felony conviction that rendered his possession of a firearm unlawful. Accordingly, this claim also fails.

For the reasons set forth above, **Adams' motion for relief under 28 U.S.C. § 2255 is summarily denied, and the Clerk is directed to enter judgment dismissing this action.** There remains, however, the question of whether a certificate of appealability should issue.

A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska*, 246 F.3d at 1045. To make such a showing, the petitioner must "demonstrate that

reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). The court finds that no reasonable jurist could debate that Adams' motion for relief under § 2255 should be resolved differently or that the issues presented are adequate to deserve encouragement to proceed further. Accordingly, the court DECLINES to issue a certificate of appealability. If he seeks to appeal, Adams must request a certificate of appealability from the Court of Appeals. Fed. R. App. P. 22(b). In any event, the judgment entered pursuant to this decision is final. To seek further review, petitioner must file a notice of appeal within thirty days of the judgment.

**SO ORDERED** this  31st  day of January, 2019.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court